IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT D. THOMPSON, | : | |
| Plaintiff, | : | |
| v. | : | Civil No. RDB-15-2181 |
| UNITED STATES OF AMERICA, | : | |
| Defendant. | : | |

...o0o...

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant United States of America, by the undersigned counsel, respectfully submits this Memorandum of Law in Support of its Motion to Dismiss or, in the Alternative, for Summary Judgment.

### I.  INTRODUCTION

Plaintiff Robert D. Thompson has filed suit, *pro se*, under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 2671-80 ("FTCA"), alleging various claims arising out of the termination of a written contract by the United States Naval Academy ("USNA").  Plaintiff's claims fail as a matter of law for several reasons, as discussed in detail below, and therefore judgment should be entered in favor of Defendant and this case should be dismissed with prejudice.

### II.  BACKGROUND

**A.  Factual Background**

On October 29, 2010, Plaintiff entered into a "Letter Agreement" with the Naval Academy Athletic Association ("NAAA") and the USNA.  *See* Paper No. 1 at ¶ 12; Exhibit No.

1. The "Letter Agreement" was signed by Plaintiff and R.C. Parsons, then-Deputy for Finance of the USNA. *See* Exhibit No. 1 at 5. Under the terms of the contract, *inter alia*, Plaintiff was to provide various marketing services for the NAAA for a three-year period and the NAAA agreed to pay Plaintiff a monthly retainer of $17,500. *See id.* at 1-4. Further, either party had the right to terminate the contract upon 180 days written notice to the other party. *See id.* at 5.

Upon a review of the Letter Agreement, Commander Justin Francis, of the USNA, found "several potential issues" with what he determined was "an improper contract," including that Mr. Parsons did not have actual authority to enter into a contract on behalf of the USNA or the NAAA. Exhibit No. 2. On May 17, 2011, Commander Francis recommended that the Letter Agreement "be terminated immediately." *Id.* On May 20, 2011, Lou Giannotti, the Acting Deputy for Finance of the USNA, notified Plaintiff in writing that the Letter Agreement was terminated and "no further work should be performed under the terms outlined in the Agreement." Exhibit No. 3; Paper No. 1 at ¶ 18. After termination, Plaintiff unsuccessfully sought payment under the contract. *See id.* at ¶ 19.

**B.     Procedural Background**

On September 7, 2012, Plaintiff filed suit in this Court against the NAAA; Chester S. Gladchuk, Jr., President of the NAAA; and Vice Admiral Michael H. Miller, Superintendent of the USNA. *See Thompson v. Naval Academy Athletic Association, et al.*, Civil No. RDB-12-2676. In that action, Plaintiff alleged claims of breach of contract, breach of the implied covenant of good faith and fair dealing, and a violation of the Maryland Wage Payment and Collection Law. On August 1, 2013, the Court granted the motion of the United States to substitute itself as a Defendant for Vice Admiral Miller, dismissed all claims against Vice Admiral Miller in his individual and official capacities, and dismissed all claims against the

United States for lack of subject matter jurisdiction. *See Thompson v. Naval Academy Athletic Ass'n*, 2013 WL 3965100, *3-*5 (D. Md. 2013) (Paper Nos. 29 & 30). Specifically, the Court held that subject matter jurisdiction "vested exclusively in the Court of Federal Claims," under the Tucker Act, 28 U.S.C. § 1491, because Plaintiff sought damages in excess of $10,000 against the government for alleged breach of contract. *Id.* at *4-*5. The Court also granted to motion for partial dismissal by NAAA and President Gladchuk, such that only the breach of contract claim against the NAAA remained. *See id.* at *5-*7.

After discovery, the NAAA moved for summary judgment, arguing that Plaintiff's only viable claim for breach of contract was that the NAAA did not provide the requisite 180-day written notice when it terminated the Letter Agreement. The NAAA deposited the money constituting the 180-day notice period (plus interest) with the Court and requested judgment as a matter of law. Plaintiff opposed the NAAA's motion and argued that the NAAA must compensate him for the entire three-year period of the contract. On December 19, 2014, the Court granted the NAAA's motion for summary judgment, holding that the NAAA breached the Letter Agreement when it terminated the contract without providing the 180-day written notice and awarded Plaintiff the "requisite sum" of $120,085.48 that the NAAA had deposited with the Court. *See Thompson v. Naval Academy Athletic Ass'n*, 2014 WL 7240054, *6 (D. Md. 2014) (Paper Nos. 79, 80 & 83).

Plaintiff subsequently submitted an administrative tort claim to the Department of the Navy that was received on March 2, 2015 and that sought $4.175 million in damages. *See* Exhibit No. 4. On March 17, 2015, the Navy denied the claim as untimely filed. *See* Exhibit No. 5. On July 27, 2015, Plaintiff filed the present action in this Court. *See* Paper No. 1.

### III. LEGAL STANDARDS

**A. Motion to Dismiss for Failure to State a Claim**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Although the complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), this Rule "still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007). That showing requires more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted). In considering a motion to dismiss, the court need not accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). A court may dismiss a complaint "as a matter of law if it lacks a cognizable legal theory or if it alleges insufficient facts under a cognizable legal theory." *Turner v. Kight*, 192 F. Supp. 2d 391, 398 (D. Md. 2002) (internal citations omitted).

4

B.    **Summary Judgment**

Under Federal Rule of Civil Procedure 56, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Supreme Court has made clear that, "[b]y its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). Entry of summary judgment is appropriate "against any party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "One of the principle purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses," and the Supreme Court has instructed that Rule 56 "should be interpreted in a way that allows it to accomplish this purpose." *Id.* at 323-24.

### IV. ARGUMENT

A.    **This Case Should Be Dismissed Because Plaintiff Untimely Presented His Administrative Tort Claim.**

The FTCA permits a limited waiver of sovereign immunity by the government for an individual to sue the United States for personal injury caused by the alleged negligence or wrongful conduct of its employees acting within the scope of their employment. Therefore, "the circumstances of its waiver must be scrupulously observed and not expanded by the courts." *Kokotis v. United States Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000) (citing *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979)). Consistent with the FTCA's limited waiver of sovereign immunity, an individual "must file an FTCA action in careful compliance with its terms."

5

*Kokotis*, 223 F.3d at 278.  Plaintiff bears the burden of proving he has complied with the requirements of the FTCA.  *See Logan v. United States*, 851 F. Supp. 704, 707 (D. Md. 1994).

Among its mandatory terms, the FTCA provides that a plaintiff must exhaust administrative remedies by, *inter alia*, filing a claim with the "appropriate Federal agency."  28 U.S.C. § 2675(a).  A tort claim against the United States is "forever barred" unless it is presented in writing to such agency within two years after the claim accrues.  28 U.S.C. § 2401(b); *see also Gould v. United States Dep't of Health & Human Servs.*, 905 F.2d 738, 741 (4th Cir. 1990) (en banc), *cert. denied*, 498 U.S. 1025 (1991).  For purposes of 28 U.S.C. § 2401(b), a cause of action accrues under the FTCA "when the plaintiff knows or, in the exercise of due diligence, should have known both the existence and the cause of his injury."  *Gould*, 905 F.2d at 742.  The filing of a timely administrative claim with the proper government agency, here the Navy, is a mandatory "claims-processing rule" prerequisite to filing suit under the FTCA.  *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1638 (2015).

In this case, Plaintiff's action against the United States, arising from the USNA's involvement in the termination of the Letter Agreement, is barred by the FTCA's statute of limitations because Plaintiff presented his administrative claim to the Navy more than two years after his claim accrued.  It is undisputed that Plaintiff did not present his initial administrative claim to the Navy until March 2, 2015.  *See* Exhibit Nos. 4 & 5; *DePhillips v. United States*, 2009 WL 4505877, *3 (D. Md. 2009) ("[t]imeliness of the filing is determined by when the appropriate agency actually receives the claim.").  Further, there is no dispute that Plaintiff learned of the termination of the contract on May 20, 2011, when he received the termination letter from the USNA.  *See* Paper No. 1 at ¶ 18; Exhibit No. 3.  Thus, his claim against the United States had accrued by that time.  By presenting his administrative claim to the Navy on

6

March 2, 2015, Plaintiff failed to comply with the prerequisite of presenting of an administrative claim to the appropriate agency within two years – and, therefore, his claims against the United States are "forever barred" under 28 U.S.C. § 2401(b).

Accordingly, Plaintiff's claim against the United States, arising from the USNA's involvement in the termination of the Letter Agreement, should be dismissed with prejudice.[1]

**B.      The United States Has Not Waived Sovereign Immunity for the Claims of Fraudulent Deception (Count 1), Unjust Enrichment (Count 2), False Light (Count 4), Tortious Interference with Advantageous Business Relations (Count 5), and Tortious Interference with Contract to Provide Services to NAAA (Count 6).**

The limited waiver of sovereign immunity under the FTCA does not apply to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, <u>libel, slander, misrepresentation, deceit, or interference with contract rights</u>." 28 U.S.C. § 2680(h) (emphasis added).  As discussed below, this provision of the FTCA bars Plaintiff's claims for Fraudulent Deception (Count 1), False Light (Count 4), Tortious Interference with Advantageous Business Relations (Count 5), and Tortious Interference with Contract to Provide Services to NAAA (Count 6).  Further, sovereign immunity has not been waived under the FTCA for Plaintiff's unjust enrichment claim (Count 2).

---

[1] In his administrative tort claim, Plaintiff lists the "Date and Day of Accident" as "Between 08/05/2014 (Tuesday) & 09/03/2014 (Wednesday)" (Exhibit No. 4 at 3) – the period of time during which Plaintiff purportedly "learned, for the first time," about various matters related to the USNA and the termination of the Letter Agreement.  Paper No. 1 at ¶¶ 23-36.  The well-settled law forecloses Plaintiff from using these later dates to measure accrual.  Indeed, for purposes of 28 U.S.C. § 2401(b), a cause of action accrues under the FTCA "when the plaintiff knows or, in the exercise of due diligence, should have known both the existence and the cause of his injury." *Gould*, 905 F.2d at 742.  Here, quite clearly, the accrual date for Plaintiff's claim was May 20, 2011 – the date that Plaintiff learned the contract was terminated, upon receipt of the termination letter from the USNA, and that he was prohibited from performing any further work under its terms.

7

### 1. Fraudulent Deception (Count 1)

Plaintiff alleges that "Defendant specifically and fraudulently deceived Plaintiff, first, into believing Defendant had contracting authority and that Plaintiff's contracts were valid, and, second, fraudulently deceived Plaintiff that Defendant had contracting authority to terminate Plaintiff's services." Paper No. 1 at 11 (Count 1). It is well established that 28 U.S.C. § 2680(h) applies to "claims arising out of negligent, as well as willful, misrepresentation" and deceit. *United States v. Neustadt*, 366 U.S. 696, 702 (1961); *see also McKeel v. United States*, 178 F. Supp. 2d 493, 504 (D. Md. 2001). Plaintiff's claim of fraudulent deception is "grounded in the tort[s] of misrepresentation" and deceit – and, therefore, is barred by the misrepresentation and deceit exception of 28 U.S.C. § 2680(h). *Huff v. U.S. Dep't of Army*, 508 F. Supp. 2d 459, 465 (D. Md. 2007).

Accordingly, Count 1 should be dismissed with prejudice. *See id.*; *McKeel*, 178 F. Supp. 2d at 504.

### 2. Unjust Enrichment (Count 2)

Plaintiff alleges that Defendant has received, and will continue to receive, "millions of dollars annually in unjust enrichment as a result of the work of Plaintiff, who Defendant deceived into providing uncontracted services." Paper No. 1 at 12 (Count 2). It is well recognized that unjust enrichment is an equitable claim. *See Dwoskin v. Bank of America, N.A.*, 850 F. Supp. 2d 557, 572 (D. Md. 2012). However, the FTCA is a limited waiver of sovereign immunity only for claims "for money damages." 28 U.S.C. § 1346(b)(1); *see also Talbert v. United States*, 932 F.2d 1064, 1065-66 (4th Cir. 1991) ("The only relief provided for in the Act is 'money damages.'").

8

Accordingly, the United States has not waived sovereign immunity for Plaintiff's unjust enrichment claim and, as such, Count 2 should be dismissed for lack of subject matter jurisdiction. *See Shirvinski v. U.S. Coast Guard*, 673 F.3d 308, 316 (4th Cir. 2012) (affirming district court dismissal of suit "because it could not hear common law tort claims seeking equitable relief under the FTCA"); *Pesnell v. United States*, 64 Fed. Appx. 73, 74 (9th Cir. 2003) (affirming dismissal of unjust enrichment claim for lack of jurisdiction).

### 3. False Light (Count 4)

Plaintiff alleges that "Defendant intentionally placed Thompson's good name in false light inside the Navy, Naval Academy and Annapolis, MD communities, and the National Business community, all of which caused irreparable harm to Plaintiff's reputation." Paper No. 1 at 12 (Count 4). It is clear that "the gravamen" of this claim is the USNA's alleged "communication of untrue statements about" Plaintiff. *Talbert*, 932 F.2d at 1066. That is, Plaintiff's claim "resounds in the heartland of the tort of defamation: the injury is to reputation; the conduct is the communication of an idea, either implicitly or explicitly." *Id.* at 1066-67 (internal quotation and alteration omitted).

Accordingly, Count 2 is barred by the libel and slander exception of 28 U.S.C. § 2680(h) and should be dismissed with prejudice. *See id.* at 1067; *Young v. United States*, 2009 WL 2170068, *5 (D. Md. 2009); *Beckwith v. Hart*, 263 F. Supp. 2d 1018, 1021 (D. Md. 2003).

### 4. Tortious Interference with Advantageous Business Relations (Count 5) and Tortious Interference with Contract to Provide Services to NAAA (Count 6)

Plaintiff alleges that Defendant sullied "his good name" and damaged his business career, "as well as his prospect and social networking." Paper No. 1 at 12-13 (Count 5). Plaintiff also asserts that Defendant "intentionally interfered" with the Letter Agreement "by issuing the May 20, 2011 letter ordering Plaintiff to cease work and ordering NAAA to stop paying Plaintiff." *Id.*

9

at 13 (Count 6).  The United States retains sovereign immunity for these claims because "Section 2680(h) specifically forecloses claims brought under the FTCA 'arising out of. . . interference with contract rights.'"  *Ready Transp., Inc. v. Military Traffic Management Command*, 86 Fed. Appx. 561, 565 (4th Cir. 2004) (quoting 28 U.S.C. § 2680(h)).

Accordingly, Counts 5 and 6 are barred by the interference with contract rights exception of 28 U.S.C. § 2680(h) and should be dismissed with prejudice.  *See id.* at 565-66; *Federal Sav. and Loan Ins. Corp. v. Williams*, 599 F. Supp. 1184, 1201-02 (D. Md. 1984); *Hopes v. Roche*, 2005 WL 1812820, *7 (D. Md. 2005).

**C.**  **Plaintiff Cannot Maintain the Claim for Negligence (Count 3) Based on an Alleged Breach of the Federal Acquisition Regulation ("FAR")[2] Because Any Such Breach Does Not Confer a Private Right of Action.**

In his claim for negligence, Plaintiff asserts that Defendant breached a duty of care to him, "as specifically set forth in FAR."  Paper No. 1 at 12 (Count 3).  The Federal Acquisition Regulation ("FAR"), and any purported breach thereof, does not confer a private right of action on individuals such as Plaintiff here.  *See Ciliv v. UXB Int'l, Inc.*, 2012 WL 5245323, *4 (W.D. Va. 2012) ("there is no private right of action to enforce a FAR violation"); *Robinson v. Raytheon Technical Services Co., L.L.C.*, 2014 WL 1784863, *3 (D. Mass. 2014).  The Supreme Court has instructed that "[l]anguage in a regulation may invoke a private right of action that Congress through statutory text created, but it may not create a right that Congress has not." *Alexander v. Sandoval*, 532 U.S. 275, 291 (2001) ("it is most certainly incorrect to say that language in a regulation can conjure up a private cause of action that has not been authorized by

---

[2] "The Federal Acquisition Regulations System is established for the codification and publication of uniform policies and procedures for acquisition by all executive agencies.  The Federal Acquisition Regulations System consists of the Federal Acquisition Regulation (FAR), which is the primary document, and agency acquisition regulations that implement or supplement the FAR."  48 CFR § 1.101.

Congress"). In the absence of any Congressional authorization of a private right of action for a FAR violation, and indeed Plaintiff has pointed to none, Plaintiff cannot maintain this claim.

Accordingly, Count 3 should be dismissed with prejudice. *See Ciliv*, 2012 WL 5245323 at *5 (granting defendant's motion to dismiss "[b]ecause there is no congressional intent to create a private right of action for FAR violations"); *Robinson*, 2014 WL 1784863 at *3.

**D.    Maryland Does Not Recognize a Cause of Action for Negligent Infliction of Emotional Distress (Count 7) and, in the Alternative, Plaintiff Cannot Maintain a Claim for Intentional Infliction of Emotional Distress.**

Plaintiff has brought a claim titled "Negligent Infliction of Emotional Distress." Paper No. 1 at 13 (Count 7). It is well settled, however, that "Maryland does not recognize a cause of action for negligent infliction of emotional distress." *Barnes v. Montgomery Cty. Dep't of Health*, 1999 WL 1337546, *7-*8 (D. Md. 1999) (internal citations omitted); *see also Hawkes v. Univ. Physicians, Inc.*, 6 F. Supp. 2d 445, 449 (D. Md.), *aff'd*, 145 F.3d 1324 (4th Cir. 1998) (Table). Accordingly, Count 7 should be dismissed. *See Barnes*, 1999 WL 1337546 at *8.

Within Count 7, Plaintiff alleges that "Defendant intentionally and maliciously imposed on Plaintiff severe emotional distress." Paper No. 1 at 13 (Count 7). To the extent Plaintiff seeks to assert a claim for intentional infliction of emotional distress, "sovereign immunity has not been waived under the FTCA, § 2680(h)," for this tort. *Tinch v. United States*, 189 F. Supp. 2d 313, 317 (D. Md. 2002); *see also Stoyanov v. Mabus*, 2010 WL 4918700, *2 (D. Md. 2010) (citing *Tinch*, 189 F. Supp. 2d at 317).[3] Accordingly, any such claim for intentional infliction of

---

[3] In *Cantrel v. United States*, 2013 WL 822045 (D. Md. 2013), a medical malpractice case, Judge Bredar found that "to the extent [the plaintiff] is pursuing IIED based upon her claim of negligence, i.e., breach of duty of care by her medical providers, it is not barred by § 2680(h)." *Id.* at *3. He also noted that to the extent *Tinch* and certain other decisions of this Court "can be interpreted as supporting a blanket inclusion of IIED claims in § 2680(h)'s exception to waiver of sovereign immunity," he "respectfully disagrees with any such interpretation." *Id.* at *2 n.2. *Cantrel* is distinguishable from this case because here, to the extent Plaintiff has brought a claim for intentional infliction of emotional distress, he is not pursuing it based upon a true claim of

11

emotional distress should be dismissed. *See Tinch*, 189 F. Supp. 2d at 317; *Stoyanov*, 2010 WL 4918700 at *2.

Even assuming that Plaintiff has brought a claim for intentional infliction of emotional distress, and that this Court finds sovereign immunity has been waived, Plaintiff has failed to provide factually supported allegations sufficient to meet the high threshold of such a claim. To establish a claim of intentional infliction of emotional distress under Maryland law, Plaintiff must plead and prove "with specificity" the following elements: "(1) The conduct must be intentional or reckless; (2) The conduct must be extreme and outrageous; (3) There must be a causal connection between the wrongful conduct and the emotional distress; and (4) The emotional distress must be severe." *Farasat v. Paulikas*, 32 F. Supp. 2d 244, 247 (D. Md. 1997) (quoting *Harris v. Jones*, 281 Md. 560, 566, 380 A.2d 611, 614 (1977)), *aff'd*, 166 F.3d 1208 (4th Cir. 1998) (Table). To maintain a viable claim of intentional infliction of emotional distress, Plaintiff must show that the USNA's termination of the Letter Agreement was "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." *Farasat*, 32 F. Supp. 2d at 247-48 (quoting *Harris*, 281 Md. at 567); *Brown v. Baltimore Police Dep't*, 2011 WL 6415366, *14 (D. Md. 2011) (quoting same). Plaintiff cannot make this requisite showing.

This Court has explained that "[t]he tort of intentional infliction of emotional distress is rarely viable" in Maryland, *Farasat*, 32 F. Supp. 2d at 247, and that such claims "are to be used 'sparingly and only for opprobrious behavior that includes truly outrageous conduct.'" *Brown*, 2011 WL 6415366 at *14 (quoting *Bagwell v. Peninsula Reg'l Med. Ctr.*, 106 Md. App. 470, 514-15, 665 A.2d 297, 319 (1995)). Here, the bare conclusory allegations by Plaintiff in his

---

negligence. *See Popovic v. United States*, 175 F.3d 1015 (Table), 1999 WL 228243, *4 (4th Cir. 1999) (plaintiff's claims under FTCA did not sound in negligence "because he appears to claim that HHS acted intentionally").

Complaint fall well short of establishing the necessary "high standard of culpability before conduct can be considered 'extreme and outrageous'" under Maryland law. *Farasat*, 32 F. Supp. 2d at 247.

Accordingly, Count 7, to the extent it attempts to assert a claim for intentional infliction of emotional distress and the Court determines that sovereign immunity has been waived, should be dismissed. *See id.* at 248; *Brown*, 2011 WL 6415366 at *14.

## V. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant this motion, enter judgment in its favor and dismiss this case with prejudice.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

_____/s/_____
Alex S. Gordon
Assistant United States Attorney
Federal Bar No. 27468
6500 Cherrywood Lane, Suite 200
Greenbelt, MD 20770
ph (301) 344-4433
fx (301) 344-4516
Alex.Gordon@usdoj.gov