IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT D. THOMPSON, | * | |
| Plaintiff, | * | |
| | * | Civil Action No.: RDB-15-2181 |
| v. | * | |
| UNITED STATES OF AMERICA, | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

This *pro se* action is the second such action filed by Plaintiff Robert D. Thompson ("Plaintiff" or "Mr. Thompson") regarding a terminated contract with the United States Naval Academy Athletic Association. In the first action, *Thompson v. Naval Academy Athletic Association*, Civ. A. No. RDB-12-2676, Mr. Thompson brought suit against the Naval Academy Athletic Association (the "NAAA), alleging that the NAAA breached a written contract between the parties by terminating said contract prior to the expiration of the three-year term.[1] On December 19, 2014, this Court granted summary judgment holding that the NAAA breached the contract to the extent that it terminated the agreement without the stipulated 180-day written notice. *Thompson v. Naval Academy Athletic Ass'n*, Civ. A. No. RDB-12-2676, 2014 WL 7240054 (D. Md. Dec. 19, 2014). As such, this Court awarded Mr.

---

[1] Mr. Thompson initially named as defendants the United States; the NAAA; Vice Admiral Michael H. Miller, in his official and individual capacities; and Chester S. Gladchuk, Jr., President of the NAAA, also in his official and individual capacities. On August 1, 2013, this Court dismissed all claims against the United States, Vice Admiral Miller, and President Gladchuk, and preserved only a breach of contract claim against the NAAA. *See Thompson v. Naval Academy Athletic Ass'n.*, Civ. A. No. RDB-12-2676, 2013 WL 3965100 (D. Md. Aug. 1, 2013).

Thompson $120,085.48, which represented the damages accrued during the notice period, but denied any additional award of damages. *Id.* at *4.

In the present action, Mr. Thompson asserts two claims arising from same contract at issue in *Thompson v. Naval Academy Athletic Association* (the "Contract"). Pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b), he alleges that Defendant United States of America ("Defendant" or "the Government"), through the United States Naval Academy (the "Naval Academy"), committed certain fraudulent misrepresentations to induce him into signing the Contract (Count I). Amended Compl. 11, ECF No. 9-1. These actions were, according to Plaintiff, grossly negligent (Count II). *Id.* at 12. He seeks damages of $4,175,000, in addition to the $120,085.48 previously awarded. *Id.*

Currently pending are Defendant's Motion to Dismiss, or in the alternative, for Summary Judgment (ECF No. 5); Plaintiff's Motion for Leave to Amend Complaint (ECF No. 9); and Defendant's Motion to Dismiss the Amended Complaint, or in the alternative, for Summary Judgment (ECF No. 10). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons that follow, Defendant's Motion to Dismiss, or in the alternative, for Summary Judgment (ECF No. 5) is MOOT;[2] Plaintiff's Motion for Leave to Amend Complaint (ECF No. 9) is GRANTED;[3] and Defendant's Motion to Dismiss the Amended Complaint, or in the alternative, for Summary Judgment (ECF No. 10), construed as a Motion to Dismiss, is GRANTED WITH

---

[2] After Defendant filed its Motion to Dismiss (ECF No. 5), Plaintiff filed the pending Motion for Leave to File Amended Complaint (ECF No. 9). Defendant did not oppose Plaintiff's Motion, choosing instead to file the also pending Motion to Dismiss the Amended Complaint (ECF No. 10). As this Court is granting Defendant's Motion to Dismiss the Amended Complaint with prejudice, Defendant's first Motion to Dismiss (ECF No. 5) is hereby MOOT.

[3] As noted *supra* n.2, Defendant does not oppose Mr. Thompson's filing of an Amended Complaint (ECF No. 9-1). This Court will thus GRANT Plaintiff's Motion for Leave to File an Amended Complaint.

PREJUDICE. Quite simply, this case is essentially identical to an earlier action in which this Court awarded the Plaintiff damages of $120,085.48 and is procedurally barred. This case is thus DISMISSED WITH PREJUDICE.

## BACKGROUND

The background facts of this action were fully set forth in *Thompson v. Naval Academy Athletic Association*, 2014 WL 7240054, at *1-2. To summarize, Plaintiff Robert Thompson entered into a "Letter Agreement" with the NAAA on October 29, 2010. *Id.* at *1; Amended Compl. ¶ 12. After a review of the Naval Academy's financial records revealed that the Contract was not signed by an officer with contracting authority, Commander Justin Francis of the Financial Management Assessment Group recommended that the Contract be terminated. Amend. Compl. ¶¶ 21-23. Mr. Thompson received notice of the termination of the Contract on May 20, 2011. *Id.* ¶ 18. Through *Thompson v. Naval Academy Association*, he subsequently sought full payment under the Contract. *Id.* ¶ 19; *see generally Thompson v. Naval Academy Athletic Ass'n*, 2014 WL 7240054. As noted *supra*, this Court determined that the NAAA breached the Contract only to the extent that the NAAA terminated the agreement without 180-day notice. *Thompson v. Naval Academy Athletic Ass'n*, 2014 WL 7240054, at *3-4. This Court thus awarded Mr. Thompson $120,085.48 in damages. *Id.*

Of relevance to the present action, Plaintiff subsequently filed an administrative tort claim seeking $4,175,000 in damages with the Department of the Navy (the "Navy") pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) ("FTCA"), on March 2, 2015.

Def.'s Mot. to Dismiss Ex. 4, ECF No. 5-5 (Copy of Plaintiff's Administrative Complaint).[4] The Navy denied his administrative claim on March 17, 2015, explaining that a "claim against the United States under the FTCA is forever barred unless presented in writing . . . within two years of the date such claim accrued." Def.'s Mot. to Dismiss Ex. 5, ECF No. 5-6 (Copy of Letter Denying FTCA Claim). The Navy concluded that Mr. Thompson filed his claim outside of the limitations period, thereby necessitating denial of his claim. *Id.* Mr. Thompson then filed the present action against Defendant United States of America, again asserting various tort claims pursuant to the FTCA.

## STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). The Government has moved to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[5] Rule 12(b)(6) authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the

---

[4] In reviewing a Motion to Dismiss, this Court "may properly take judicial notice of matters of public record . . . [and] consider documents attached to the complaint, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing *Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir. 2004) ("[W]hen a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.'") (quoting *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999))). As such, this Court takes judicial notice of Exhibits 4 (ECF No. 5-5) and 5 (ECF No. 5-6) of Defendant's first Motion to Dismiss. Although that Motion is now moot, the documents remain relevant to the Motion to Dismiss the Amended Complaint as they chronicle Plaintiff's submission of an administrative claim to the Department of the Navy and subsequent denial of that claim. The documents are thus integral to Plaintiff's present FTCA action, nor does he dispute their authenticity.

[5] In *United States v. Kwai Fun Wong*, 135 S. Ct. 1625 (2015), the United States Supreme Court held that the time limitations under the Federal Tort Claims Act were non-jurisdictional, and thereby subject to equitable tolling. As such, Rule 12(b)(6) is the proper lens through which an argument that a plaintiff's FTCA claim is time-barred must be considered.

facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true the factual allegations contained in the complaint, the court is not so constrained when the factual allegations are conclusory or devoid of any reference to actual events. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). Moreover, a court need not accept any asserted legal conclusions drawn from the proffered facts. *Iqbal*, 556 U.S. at 678. (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim). In the context of *pro se* litigants, however, pleadings are "to be liberally construed," and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *accord Brown v. N.C. Dept. of Corr.*, 612 F.3d 720, 724 (4th Cir. 2010).

Second, even a *pro se* complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679; *see also O'Neil v. Ponzi*, 394 F. App'x. 795, 796 (2d Cir. 2010).Although a "plaintiff need not plead the evidentiary standard for proving" her claim, she may no longer rely on the mere possibility that she could later establish her claim. *McCleary-Evans v. Maryland Department of Transportation, State Highway Administration*, 780 F.3d

582, 584 (4th Cir. 2015) (emphasis omitted) (discussing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) in light of *Twombly* and *Iqbal*).

ANALYSIS

In moving to dismiss the subject Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant argues that Plaintiff's claims are time-barred under the FTCA statute of limitations, 28 U.S.C. § 2401(b).[6] The FTCA codifies a limited waiver of the sovereign immunity of the United States wherein a plaintiff may bring suit for certain torts committed by Government employees. *Kokotis v. United States Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000). Given the value of sovereign immunity to the sovereign, however, "the circumstances of its waiver must be scrupulously observed and not expanded by the courts." *Id.* (citing *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979)). Plaintiffs bringing claims under the FTCA thus "must file an FTCA action in careful compliance with its terms." *Kokotis*, 223 F.3d at 278 (citing *College v. United States*, 411 F. Supp. 738 (D. Md. 1976), *aff'd*, 572 F.2d 453 (4th Cir. 1978)). Moreover, it is the plaintiff, and not the defendant, who bears the burden of establishing that he satisfied the terms of the FTCA. *See, e.g.*, *Logan v. United States*, 851 F. Supp. 704, 707 (D. Md. 1994).

As the United States Court of Appeals for the Fourth Circuit has explained, a "key jurisdictional prerequisite to filing suit under the FTCA involves the presentation of an administrative claim to the government within two years of the incident." *Kokotis*, 223 F.3d at 278 (citing 28 U.S.C. § 2401(b)). Specifically, the FTCA commands that "a tort claim

---

[6] Alternatively, the Government argues that each count fails to state a claim for which relief may be granted. As Plaintiff's claims are indeed untimely under the FTCA, this Court need not consider the Government's alternative arguments.

against the United States shall be *forever barred* unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues[.]" 28 U.S.C. § 2401(b) (emphasis added). Although state law determines whether the Government is liable under the FTCA, it is federal law that governs when a cause of action accrues. *Gould v. United States Dep't of Health & Human Servs.*, 905 F.2d 738, 742 (4th Cir. 1990) (en banc) (internal citations omitted), *cert. denied*, 498 U.S. 1025 (1991). As such, a cause of action accrues under the FTCA "when the plaintiff knows or, in the exercise of due diligence, should have known both the existence and the cause of his injury." *Id.*

Recently, the Supreme Court reconsidered whether the time limitations set forth by the FTCA are jurisdictional or non-jurisdictional. In *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1631-32 (2015), the Court noted that characterizing a limitations period as jurisdictional has "harsh consequences," as "a litigant's failure to comply with the bar deprives a court of all authority to hear a case." Absent a clear statement from Congress that the time limitation is jurisdictional, the limitation will be classified as non-jurisdictional. *Id.* at 1632. The time limitations of the FTCA are one such example of a limitations period where Congress did not expressly categorize them as jurisdictional. *Id.* at 1632-33. The Court thus concluded that the FTCA time limitations are non-jurisdictional, and thereby subject to equitable tolling. *Id.* at 1633.

In this case, Mr. Thompson attempted to comply with the terms of the FTCA by filing an administrative claim with the appropriate federal agency—the Department of the Navy. Yet, he failed to file that claim within the strict limitations period set forth by 28 U.S.C. § 2401(b). Mr. Thompson's cause of action began to accrue on May 20, 2011, the day

he received notice that the Contract was terminated. His injuries stem from the termination of the Contract; absent such termination, he would have no cause of action. Mr. Thompson, however, filed his administrative claim on March 2, 2015, nearly two years after the FTCA limitations period expired.

Plaintiff's efforts to prove timeliness are unpersuasive. He claims that he did not learn of Defendant's allegedly tortious actions until August 8, 2014 through September 3, 2014. *See* Amended Compl. ¶¶ 23-36. He was thus well within the limitations period when he filed his administrative claim on March 2, 2015. This argument, however, ignores that the FTCA does not require actual knowledge of the injury. Rather, the cause of action begins to accrue also when reasonable due diligence would have exposed such injury. *Gould*, 905 F.2d at 742. When the Contract was terminated, Plaintiff could have discovered, with reasonable due diligence, the allegedly tortious actions of employees of the Defendant.

This failure to exercise reasonable due diligence to discover his alleged injuries similarly precludes the equitable tolling of the limitations period. Mr. Thompson filed his complaint in the first action, *Thompson v. Naval Academy Athletic Association*, on September 7, 2012, still within the two-year limitations period for an FTCA claim. *See Thompson v. Naval Academy Athletic Ass'n*, RDB-12-2676. Although he did not assert a claim under the FTCA in that action, all claims stem from the same underlying incident—the termination of the Contract. Plaintiff's filing of the first action shows that he had the tools to investigate and "discover" any FTCA-related injuries, but failed to act until March 2, 2015. He offers no plausible explanation for the delay. This Court will not toll the two-year statute of

limitations. As the Navy also concluded, Mr. Thompson's claims under the FTCA are "forever barred" as untimely.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, or in the alternative, for Summary Judgment (ECF No. 5) is MOOT; Plaintiff's Motion for Leave to Amend Complaint (ECF No. 9) is GRANTED; and Defendant's Motion to Dismiss the Amended Complaint, or in the alternative, for Summary Judgment (ECF No. 10), construed as a Motion to Dismiss, is GRANTED WITH PREJUDICE. Quite simply, this case is essentially identical to an earlier action in which this Court awarded the Plaintiff damages of $120,085.48 and is procedurally barred. This case is thus DISMISSED WITH PREJUDICE.

A separate Order follows.

Dated: May 10, 2016 _____/s/_____
Richard D. Bennett
United States District Judge